May it please the court, good morning, my name is Joseph Adams and I represent the plaintiff James Mills. I'd like to reserve three minutes for rebuttal please. The district court erred in granting defendants motion to dismiss and motion for judgment on the pleadings and both orders should be reversed. The order granting the motion to dismiss erroneously applies the statute of limitations. This case involves two separate distinct tolling periods. The first period ran from the date of Mr. Mills arrest to the date of his sentencing. The second period ran from the date of his conviction to the date that conviction was reversed on appeal. Can I ask a question? This is interesting to me that both parties appear to assume that the date of accrual was the date of the arrest but that's a legal question that we we have to decide for ourselves. Is that conclusion driven by Wallace? Does Wallace hold as a legal matter that the date of accrual was the date of the arrest or is there a possibility that it could have been later? Correct, no that that that is governed by Wallace and Wallace dealt with a situation that had occurred after the Heck decision where a number of essentially a deferred accrual rule. Including this court in the Harvey case right? That's correct yes and in in Wallace the court clarified that that's not the case and accrual accrual with respect to the Fourth Amendment claims not with respect to the malicious prosecution claim but the Fourth Amendment claims accrued on the on the date of the arrest. We certainly concede that issue and we do believe that's governed by Wallace. So basically no tolling from arrest to conviction? No that's it that's that's incorrect Your Honor. Under California Government Code section 945.3 there was tolling from the date of the arrest to the date of sentencing and that tolling was readily acknowledged both by the district court. So that's not a dispute what's disputed is the effect of CCP section 356 during the pendency of the appeal of his conviction that time period is the period that both sides are focusing on? That's correct that's certainly the that's certainly the aspect that we're focusing on that's what I consider to be the second tolling period and that's so that's from the period of the date of the conviction to the date it was reversed. And as that period of time what is the legal impediment to him filing the lawsuit and asking that it be stayed? The HEC bar itself is the impediment in fact the HEC the HEC decision specifies that if a case is I mean if a case is filed during the HEC bar period the case must be dismissed. I mean the HEC bar said the HEC bar says it must be dismissed if it is going to impugn the the conviction but they drop a footnote in HEC and I think they later explained it in Wallace that that's a question you can't determine until after the fact you could have five facts that support the conviction and he's only you know impugning one of them and it may not actually impugn the conviction. Yeah and in certain circumstances that may very well be true in this case the the the conviction was reversed for precisely the Fourth Amendment violations that Mr. Mills. Couldn't he have asked the district court to stay the 1983 action pending the resolution of his state court appeal? He certainly could have asked I don't believe that HEC supports staying HEC. But Wallace supports. Wallace supports yes Wallace Wallace supports the proposition that because the claim accrued on the date of the arrest the claim could be filed at that point and during that period of time between the date of the arrest and the date of conviction when the HEC bar is not in effect during that period of time the district court may choose just for logistical and practical reasons to stay the case pending the outcome of the criminal prosecution with the idea that there's no point in proceeding with the civil matter if ultimately it may be barred by HEC upon a conviction anyway. So the civil matter could be stayed once the once the conviction however is dismissal the idea of continuing to stay the matter that's what you mean once the conviction happens on appeal or when it's the conviction you're saying once the conviction happened in the Superior Court then HEC would require dismissal. Under HEC dismissal would be mandated. I don't think that that's correct. Wallace seems to suggest just the opposite. Wallace definitely suggests the opposite during that first period from the date of accrual to the date of conviction but it doesn't address it doesn't indicate I don't know language though I mean you're right I guess you're right as a technical matter but I don't understand why the I mean I mean just because they didn't distinguish in in Wallace between during the Superior Court or during the appeal I don't understand why there'd be a difference I mean ultimately the question is we have a problem there's no question there's a limbo here right I mean we don't know whether the he has no 1983 claim until his conviction is expunged in some way and you don't know whether that's going to happen if he's convicted in in Superior Court we don't know whether his claim whether he's gonna have a claim until the Court of Appeals acts and the question is does this is the statute told during that period and Wallace to say no and then the question is does 356 come in but under the plain terms of 356 I don't see how your client is prohibited well first of all I don't I don't see a statutory prohibition here if anything it's a judicially created prohibition under the California Supreme Court but even that has said you have to show that the that it's legally not possible I apologize I don't have the phrase exactly right but you have to show that it's legally not possible for him to bring the claim and I don't think that's right it was it was legally not possible in the sense that had he filed it the the defendants would have been entitled to dismissal under heck the same as in other cases where the California courts have applied 356 in circumstances that required exhaustion of prematurely file their lawsuit administrative remedies is not a precondition for a 1983 action no certainly not and that's and that's not what I'm arguing but what I'm arguing is that in those circumstances in the exhaustion context the plaintiff certainly could prematurely file their claim they can certainly prematurely file their lawsuit but the defendant would be entitled to dismissal based on failure to exhaust that's precisely the situation that would understand the analogy for one thing this is and there's no exhaustion necessary this isn't a Rose v. Lundy situation it's not a habeas and for another I don't really see why dismissal would be necessary usually what a what a court will do when the defendant in a criminal case files a civil action that affects a criminal case is he'll stay it because the prosecutor says it would be unfair to give him civil discovery and that's actually the usual thing because the thing can't have its discovery the plaintiff would be entitled to discovery that's about it I don't understand why you're talking about exhaustion well I bring it up only because I wanted to illustrate the that Mr. Mills certainly could have asserted his 1983 claim post conviction while the heck bar was in effect he could have asserted that claim and it's possible that the district court would have responded to that just like staying post conviction correct just post conviction the pre-conviction tolling is not in dispute motion till he gets it set aside he's just got nowhere to go because of heck versus Humphrey that is that is precisely the issue that's correct and that is why 356 provides tolling during that period assuming that he's not required to file in order to protect a statute and seek a stay even under that circumstance that it's conceivable that he couldn't maintain the actions the the statute limitation was certainly expire that's similar to what happened in in in Wallace and the court says we're not going to recognize any federal equitable tolling so we're going to look state law for tolling if state law does not provide that tolling and really is how broadly to read that particular state statute and if we read it as there's nothing legally preventing him from initiating the 1983 lawsuit then he loses but if you say well the heck we Humphrey bar would have kicked in and it would have caused the lawsuit to be dismissed then he should be entitled to tolling for that and that's your argument I tell you that it yes that is the argument yes but I think and I think that's where I struggle with it because he has to be legally prevented for filing the claim and you're asking us to make a determination that he was legally prevented because his action would have impugned his conviction before we even know whether his conviction what the basis was for upholding the conviction it's almost you're asking us to make a determination of a question that's unanswerable until after the appeal comes out under some circumstances that may be true in this case it's actually precisely the opposite the California Court of Appeal reversed mr. Mills criminal conviction based precisely on the Fourth Amendment violations that are the source of it I understand that but until that happened we don't we wouldn't have known why they might reverse it or whether there's other evidence I mean admittedly there's other evidence here that could have been used now the Court of Appeals didn't look at that they they took a pretty extreme remedy here and said you can't even retry him but there's more I mean the real question was whether the drugs could be admitted or not by the way why weren't the drugs presented a trial you're probably the wrong person to ask but why weren't the drugs presented at trial this is that's bad I apologize I'm the wrong person to ask but but but that was the only question I mean we don't know whether there was other evidence here that that could have been affirmed on so you're asking us to go into a record and make a determination and by the way determine that 356 applies to some cases based on the facts and in some cases not because of the facts and that just strikes me as a highly unusual way to apply 356 well and in a different case I agree with you you you may be asked to make that determination prospectively in this case just procedurally we don't have we do have the benefit of hindsight in this case let me ask you about one of the oh I'm sorry are you not done answering that no please have on the benefit of hindsight I wonder if now that we do have the benefit of hindsight it means that and the setting aside of the conviction really won't work for you to make the claim viable again because the jury did not accept the contention that the drugs were planted and that this fella didn't have the drugs and the Court of Appeals did not undermine that determination instead what they did was determine that the evidence was wrongfully obtained and once it was suppressed that there was nothing left to prosecute this fellow with so they directed the court below to dismiss why doesn't that close the issue on the collateral estoppel on the on on the issue of collateral estoppel we believe that it's not appropriate in this case because mr. Mills did not have the opportunity to fully and fairly litigate the issue of evidence fabrication that's the right question but why is the answer to it that he did because because the state trial court had incorrectly determined that the evidence and if we assume that the evidence existed that the evidence was obtained lawfully and by incorrectly making that determination it deprived mr. Mills of his opportunity to fully and fairly argue fabrication because he was he was let me tell you why I don't see it so you can help me on this because it means I'm missing a part of your argument the reason I don't see that is it seems to me that Mills had his chance to attack the evidence it did come in the unlawfully seized evidence did come in and he had his chance to persuade the jury that it was planted so he did have a full opportunity the reason the reason that the determination regarding the lawfulness of the search and seizure is so critical in this case is because this was literally a case of credibility this case came down to the police officers testimony versus mr. Mills testimony so the trier of fact knowing that the police officer obtained this evidence only through illegal means that doesn't make the evidence false evidence not necessarily but it potentially impacts the police officers credibility and is an important factor that a trier effect should have the benefit of considering when determining that particular issue I don't know if a police does an improper search looks through the drawers when he's only allowed to look at things in plain view or something like that and finds the drugs it doesn't mean the drugs weren't there it just means the search was bad and amps and certainly the jury or trier effect if it was the court it was a trier effect could reject could reject that you could reject mr. Mills argument but he should be able to present the fact that the that the unlawfulness of the search the unlawfulness of the seizure impacts the police officers credit let me ask a different question about the police officer credibility that's been bothering me a lot do you mind if I know if you believe the pleadings and and the findings and the remarks of the court below about all the misconduct by the police in this particular locality and looks like they stole thousands of dollars from this fellow and I would think if I were on a jury once I learned that the cops had stolen thousands of dollars of the defendants money and police credibility just be gone did that come out at the trial your honor to be frank I don't know if that came if that particular issue came out at trial that highlights that a portion a portion of it not it looked like it was $1,050 that he didn't about why didn't he sue on that correct I that seems a pretty viable claim III believe that he had some issues regarding timeliness of his state tort claims so they got to keep the money because he was late suing to get the money back that they stole a small fraction of it apparently it looked like first the cop reported on his police police report less money than he actually took and then they lied again about how much money they took and were and he never got all the money back is that right that's correct that's my understanding is that I mean that that's a correct statement of the facts but it's certainly not right and did it all that come out at the trial my understanding my understanding is that most of that came out at trial which is all the more reason why the lawfulness come out at the trial they still believe the cop about the dope really and his car instead of the cops pocket and that's why mr. Mills needed every bit of factual information to give to the jury regarding the officers credibility so the lawfulness of the search and the trier effect knowing that the search was unlawful was absolutely critical and he was denied that opportunity thank you our questioning took you over yes and I think I'll make it up to you by oh I greatly appreciate it thank you very much good morning your honors may it please the court Tony saying on behalf of appellees and defendants city of Covina and officer Terrence Honu with me is also appearing counsel mr. Newman I will be addressing the statute of limitations argument for appellees and miss Newman will be addressing the collateral stop instantly do you disagree with anything your friend had just said about the police stealing the money and it coming out at trial your honor I don't believe that that was a determination that was made by the jury I do believe that the allegation that the evidence I believe the allegation that the money was not returned came out at trial but I don't think it was part of the case I don't think it was necessarily litigated in the same way nor is it jury heard about the police report showing a lower amount of money than they actually took from the arrestee I seem to recall testimony on that from mr. Mills at trial yes but in terms of the statute of limitations argument your honor I want to address one thing that was raised by plaintiffs counsel appellants counsel just a moment ago appellants counsel argued that section 356 establishes some sort of bar because there's a case law prohibition to filing and that's not what section 356 says at all in their reply brief appellant cite to the case a Supreme Court case in California called Hoover for the proposition that if there's a legal impediment to the claim that section 356 tolling may be implicated and that's not correct in Hoover itself the page that says that a legal impediment may implicate section 356 tolling that page is 526 but the very next page 527 the Supreme Court notes that plaintiff Hoover was barred by statute for proceeding with his judgment enforcement action in other words in Hoover it was the corporation's code that operated to bar plaintiff Hoover from filing that action and therefore in Hoover section 356 applied and there is a post Hoover case that the court can reference it's called Berkeley Unified School District versus State of California 33 Cal app fourth at 350 in 1995 case that illustrates this point very succinctly in that particular case the district plaintiffs had filed an untimely claim but they were asserting that section 356 operated as a toll on the statute of limitations and in their argument they said well we couldn't file earlier because there wasn't an administrative final decision and so since we would be assumed to have failed to exhaust our administrative remedies we should get section 356 tolling and the California Court of Appeal expressly rejected that idea and noted that having a sort of a disability some flaw some inability to maintain your claim doesn't mean that you were unable to file your claim so section 356 it cannot be construed the way that appellants have argued however so I I think you get the better of that argument but here's the question is when 356 under that theory are we inviting a whole bunch of claims in the district court I mean there is some you know something good about requiring the the conviction to be expunged because you figure you know only 10 percent of the time or whatever the number is is it going to be overturned on appeal so why should we inundate the district the federal district courts with these cases before we know whether they even have a claim yes your honor in fact your honor's point is raised in the Wallace case itself where the supreme court the same judge that wrote the Wallace opinion justice Scalia also wrote the heck opinion and expressed that very concern that if we were to adopt this argument that the heck bar also operated as a tolling of the statute of limitations there would in effect be no such thing as statutes of limitations because all criminal cases would be effectively untold told while the criminal case was proceeding and that is not how the case law works the Wallace court expressly rejected the idea there's a binary choice right you wait until the conviction is final with a determination on appeal and then you know whether you're subject to the heck bar or not and you filed the case then or if you're in if you interpret 356 the way that you do you have to protectively file and seek a stay in the district court which is a discretionary call by the district court right a stay would be discretionary yes your honor however no less an authority than the does it make more sense to just go ahead and wait until the conviction is final before filing no your honor in fact the supreme court tells us that it doesn't make more sense in Wallace itself when presented with that distinction the supreme court told us that what plaintiffs should do is file before their cause of action uh is time barred so the what was the time period that was discussed in Wallace though while the case was pending in the trial court or was it also an appellate situation i believe your honor that the time barred issue in Wallace was while they convict or but while it was still pending in the trial court if i remember correctly however that makes sense right there's a distinction between the time period when you're in the trial court versus the time period during the pendency of appeal no your honor and i would actually agree with uh judge nelson on that particular issue that the the whether or not there's a conviction appending or the conviction has already been rendered whether or not the time bar applies turns on whether or not heck itself prevents you from the action and if we look back to section 356 again section 356 does not create a case law impediment to filing in action and the only exception for tolling under section 356 is whether there's an injunction in force or whether there's some store of statutory prohibition to filing neither of which applied here i just want to be clear and i guess this is what you were only says injunction or a statute i had interpreted the california supreme court to have extended that into judicial remedies um but maybe you're arguing now that that that's not true that hoover actually was a statutory prohibition yes that's correct your honor in fact at page 527 you can see that it based that particular tolling of section 356 on the corporation's code a statutory but regardless we are bound by the california supreme court's went too far we're not going to enforce that in federal court we're bound by whatever the california supreme court has said 356 means is that right to the extent that the supreme court has mandated that state uh tolling provisions are to be followed yes your honor that's true yeah you've got a good textual argument so i agree with judge nelson there in terms of the statute itself referring to the injunction or a statutory bar but um but i also read hoover to have expanded that concept beyond the the textual um analysis of 356 because hoover did talk about uh cases where uh it's not possible to bring a lawsuit because the case was pending appeal um how do you grapple how would you have us grapple with that language in hoover i i recognize that ultimately there was a reference to statutory bar but they did go back and look at the uh the history of other cases as well and other cases rely on the common bar where when appeal is pending you don't file the lawsuit i think that in order to reconcile those two we need only look at the berkeley case your honor the berkeley case is a california court of appeal case that interpreted hoover and distinguished hoover and and really helps define what hoover uh stood for and it noted in that case give me the site to berkeley again yes i do it's 33 california app fourth 350 a 1995 case and the pertinent pages your honors are 364 through 365 and in that case much like appellants here they argued that under hoover there was tolling under section 356 because they were there was a legal impediment to their claim namely the failure to exhaust administrative remedies and the berkeley court made it very clear that a legal impediment to your claim like that is not an impediment to filing your claim and it distinguished the hoover facts from the berkeley facts in hoover the corporation's code barred plaintiff hoover from even filing his lawsuit until he had an enforceable final judgment and only then under the corporation's code was plaintiff hoover allowed to file a lawsuit and that's written more broadly than what you say hoover says apparently with approval that the section has applied in situations where the action is legally prohibited by other means than injunctions or statutory prohibitions that means it doesn't take a statute they seem to say that with approval i think that is correct in terms of the language that they use your honor but even in hoover they're applying it to a statutory bar and post hoover cases have made it clear i believe thing it's dicta yes your honor but even if that were binding i think where i still get hung up is that you have to be legally prohibited and i just don't see how this the plaintiff here was legally prohibited from filing yes your honor we agree in fact the court in wallace made it very clear that the heck bar does not operate to prevent you from filing it may operate to prevent you from being able to maintain your claim post filing but it's not a bar to filing and absent a bar to filing section 356 does not apply well and justice scalia made i thought a pretty compelling argument in in wallace as well which is at the end of the day the statute of limitations is needed so that the cities are on notice that they have to preserve evidence it it would be pretty counterintuitive to say i mean some of these cases could come up 10 years later that that it's expunged in some way and then at that point they're going to bring a 1983 action and nobody's thought about this for the last 10 years and and you know all the evidence is gone we don't know what happened to the extra thousand dollars that has mysteriously disappeared so i mean that that seems to be a policy reason that supports um uh requiring a a precautionary filing in this case yes your honor for those reasons we believe that all the claims but the malicious prosecution claim are time barred under section 356 in the operable california codes and in light of that your honor i will leave miss newman some that was exactly what i was about to do is invite her up to address the court's issues on collateral estoppel thank you your honors all right good morning your honors um just before i start talking about collateral estoppel to address some of the questions that were already presented um the reason generally drugs aren't entered into the la superior court is because they don't want the jurors to have access to them so generally it's they introduce the testing that shows what the drugs actually are they show pictures they provide the chain of custody so that they can determine whether there is actually drugs that was a stand this was standard in this case it wasn't unusual that the drugs weren't given to the jury correct your honor and was testimony we had the drugs and they've been tested and here's the expert from the lab correct correct and it's and that is that is standard because they don't want drugs going back with a jury oh we used to have bags of cocaine district court when i was a district judge but you don't do that there well it for the years i was in the superior court that was not the case it was it's it's standard to just present testing and the experts to say this is what we tested here's our chain of custody make a determination um by the jury so it's an interesting point i want to ask you and i don't want to shortchange your argument but i have a problem with collateral estoppel here where where the conviction was reversed it seems to me you can't rely and nor do you need to rely on collateral estoppel you seem to be advocating a position that you can sort of have many collateral estoppel for issues that only the jury or the fact finder found and i can't find case law that really supports that so maybe you could point us to that if it exists i'm i'm sorry um you lost me for a second there the the jury found in this specific case a very specific issue that he did possess drugs well we don't know that i mean was presumably they did is it a general verdict or a special verdict or i don't remember reading any instructions in the in the excerpts of record well in a in the criminal case the jury instructions is solely a finding of possession whether he possessed or not the i know i don't believe the expert was was it a general verdict or a special verdict general so we don't know what they found your theory is the inference right given that the defense is uh the police planted it on me by convicting the jury rejected that correct because that was what was specifically argued by his criminal defense attorney throughout the case it was in the closing it was the only defense that was presented was whether they believed mr mills or whether they believed officer hanu so it was a question of and and mr mills did testify in his own defense in the case and stated that these drugs were planted they were not mine i did not have them i did not possess them and so the jury specifically rejected that as the defense that was the only defense that was presented but once that's reversed i don't understand how collateral estoppel applies it was reversed based on a prolonged detention i understand that but i've never i don't see any case law that suggests that when a conviction is reversed we're still going to say there's collateral estoppel for an issue that the jury may have decided and maybe you're 90 right that that's what the jury decided the uh in the briefing the collateral estoppel arguments there there are several that state that what a jury has found even in spite of reversal or dismissal you elevate form over substance if you look specifically just to whether something is saying there's a dismissal there's been a reversal they still look at to what the jury found and if we look at hydronautics it dealt with a case where the the verdict was vacated there was a jury verdict it was vacated because a dismissal was negotiated for it and the court still found that they weren't going to ignore a jury verdict just based on the words that were put into the negotiated dismissal after was that uh a case where there were some findings as opposed to a general verdict yes well well actually your honor i i have trouble knowing what the jury found in a general verdict case where i don't have the instructions well unfortunately in most criminal cases there aren't special verdicts of course of course but the you look at the instructions usually and you say the instructions say you can't convict unless you found such and such and they did convict so you know they found such and such yes and your honor and in and in this in this situation when you only have one defense that was presented the jury would have had to no it doesn't matter what the lawyers say the lawyers offer reasons why the jury should not believe this or that but ultimately the jury is never instructed to follow what the lawyers say they're instructed to follow what the judge says and the jury instructions and in this instance there was no there was no defense that the drugs did not exist the drugs existed everyone has acknowledged there were drugs it was just a question of whether mr mills possessed it or whether mr hanu planted it and the jury found that he possessed it it was the only conclusion that could have been arrived at based on the evidence that had been presented and if i mean is there some reason that we don't have the jury instructions in a case where your collateral estoppel argument depends on them i don't understand well that that may have been my mistake in not including that in my motion your honor but what i here's the question why do we need to decide this issue in my opinion why don't we just go in and say every time you find the jury finds a conviction that establishes probable cause and therefore you can't bring in a 1983 action even if that conviction is later at a minimum there was probable cause to go after him if you got a jury conviction which i think is the favorable termination argument and um which is separate and apart from the collateral estoppel i agree and that's why i'm why i'm asking the question because it seems to me like that's much safer ground to go on i i have a hard time with the collateral estoppel argument yes your honor which is why we've asked the court to also affirm on the alternative grounds of favorable termination i do think collateral estoppel the elements applied um in this case as well as there's been plenty of it's a tougher ground so you you've got the alternative argument i yes your honor um and i am over time but unless my colleagues have any additional questions thank you thank you i would like to thank the court for its indulgence a couple of extra minutes um i think it's um it's uh important to put a little bit finer of a point i i want to address with regard to the statute of limitations and the the effect of the heck bar uh and this uh the notion that that the heck bar uh prohibit prohibits maintaining an action but you're certainly free to file it i just only prohibits maintaining an action if it's going to impugn the conviction that's the problem i mean we you mentioned the heck bar as if it automatically exists but it doesn't exist that's the whole problem here it doesn't exist until we find out that it isn't going to impugn the conviction that's that's correct and in this case we know that it that it uh that it did in some you are correct uh that in some other case it may be possible to not know whether a 1983 claim impugns uh the conviction in this case we know that it did um and uh this court and this is the uh cesar this this is cited in the briefs um but uh from this circuit that concluded that fourth amendment unlawful search uh claim was was barred finding that there was no probable cause um before the search wouldn't it would necessarily imply the invalidity of plaintiff's conviction i mean the heck bar is quite literally a bar and so um although we may be able to say that the heck bar doesn't prohibit the filing of an action it merely prohibits the maintaining of the action i think that that that may be a distinction without a can i just ask one question your time's running out with uh uh the fact that he was convicted in the jury even if so overturned why isn't that enough to say there was probable cause here uh for the malicious prosecution claim because because the issue of fabrication was not fully and fairly litigated the jury that determined the jury that convicted was not also given the additional information that the evidence the alleged evidence had been obtained unlawfully and in a case that was that turned on credibility it was very important that the jury know that ultimately the jury may not think much of that it it it that may not be a successful argument but mr mills had in order to fully and fairly litigate that issue uh should have been given an opportunity to to provide it to the jury all right thank you very much for both sides for your very helpful arguments in this case it's submitted for decision by the court
judges: Kleinfeld, Nguyen, Nelson